# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR09-3018 |
| vs. | ORDER FOR PRETRIAL DETENTION |
| JOSHUA ALLEN GRIFFIN, | |
| Defendant. | |

On the 4th day of May, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney C.J. Williams. The Defendant appeared personally and was represented by his attorney, Mark C. Meyer.

## RELEVANT FACTS

On April 23, 2009, Defendant Joshua Allen Griffin was charged by Indictment (docket number 1) with conspiracy to manufacture methamphetamine, after having been previously convicted of a felony drug offense. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on June 29, 2009.

Mason City Police Officer Toby Schissel, who is currently assigned to the North Central Iowa Narcotics Task Force, testified regarding the facts underlying the instant charge. According to Officer Schissel, Kelly Caster was arrested and charged in federal court with the manufacture of methamphetamine. Three search warrants conducted at Caster's residence revealed evidence of the manufacture of methamphetamine. Caster has cooperated by being "debriefed" and testifying at a grand jury. According to Caster, Defendant and others provided him with pseudoephedrine pills for the purpose of manufacturing methamphetamine.

1

Introduced at the hearing as Government's Exhibit 1 is a spreadsheet prepared by Officer Schissel, reflecting a review of "drug logs" obtained from area pharmacies. It would appear that Defendant made seven purchases of pseudoephedrine pills between March 27, 2008 and December 12, 2008, including purchases at both Shopko and Walgreens on July 3, 2008. According to Officer Schissel, purchases were also made by Defendant's girlfriend.

Defendant admitted to law enforcement officers that he purchased the pseudoephedrine, but told them that he was sick and it was for his own use. Defendant denied giving the pills to anyone else, with the exception of one box given to Travis Houck. Defendant did not admit that he knew the pills would be used to manufacture methamphetamine.

According to the pretrial services report, Defendant is 24 years old and lives in Charles City, Iowa, with his girlfriend and his mother. Defendant has never been married, but has two children (ages 3 and 4) with his current girlfriend. The children live with his girlfriend's parents in Charles City.

Defendant has been unemployed since December 2008. Prior to that time, he worked as a forklift driver, but was fired because of poor attendance. Defendant was terminated from his prior job when he was incarcerated on state court charges. Defendant has no history of medical or mental health problems. Defendant admitted smoking marijuana on a regular basis since age 12, however, and used marijuana daily prior to his arrest.

As a juvenile, Defendant was adjudicated delinquent on three separate occasions for burglary in the third degree, theft in the fourth degree, and aiding and abetting second degree theft. Defendant was placed in various facilities including Bremwood, the Youth Recovery Home in Ames, the Eldora Boys Training School, the Francis Lauer Youth Shelter in Mason City, and the Clarinda Academy.

In 2003, Defendant was arrested for manufacturing methamphetamine. Defendant received a suspended ten-year prison term and was ordered to reside at a residential facility for 180 days. According to the pretrial services report, Defendant violated his probation on four separate occasions as a result of drug usage, drinking, and missing appointments. Eventually, Defendant was placed in the violators' program.

While on probation for the manufacturing methamphetamine conviction, Defendant was convicted of domestic abuse assault and possession of a controlled substance, third or subsequent offense. Defendant initially received a suspended two-year prison term for the latter offense, with placement in a residential facility. Defendant's probation was revoked on July 22, 2008, but he was given credit for time served at the facility and apparently did not spend any time in prison.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will

reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with conspiracy to manufacture methamphetamine, after having been previously convicted of a felony drug offense, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on

probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with conspiracy to manufacture methamphetamine, after having previously been convicted of a felony drug offense. The weight of the evidence is dependent to some extent upon the credibility of Kelly Caster. The prescription drug logs, however, appear to support Caster's testimony. While Defendant has long ties to the northeast Iowa area, he is currently unemployed. Defendant has an extensive prior criminal record, both as a juvenile and as an adult. Importantly, Defendant has consistently shown that he is unable or unwilling to comply with conditions of release. Defendant has repeatedly violated the terms of probation and was on probation during part of the time when the instant alleged conspiracy occurred. The Court has no confidence that the Defendant would comply with any conditions of release which may be imposed by the Court.

If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not

disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (April 30, 2009) to the filing of this Ruling (May 4, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 5th day of May, 2009.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

6